KAREN L. LOEFFLER
United States Attorney

KYLE REARDON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kyle.reardon@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:14-cr-00021-RRB-DMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| | ) | |
| CLINT MICHAEL LANDRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Unless the parties jointly inform the Court
in writing of any additional agreements,
this document in its entirety contains the
terms of the plea agreement between the
defendant and the United States. This
agreement is limited to the District of
Alaska; it does not bind other federal, state,
or local prosecuting authorities.**

## I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A. Terms of Agreement

The defendant agrees to plead guilty to Count Two of the Indictment in this case. Count Two charges the defendant with Attempted Coercion and Enticement of a Minor in violation of Title 18, United States Code, Section 2422(b). The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charge contained in the Indictment. Specifically, the United States agrees to make a motion to dismiss Count One of the Indictment, Attempted Production of Child Pornography in violation of Title 18, United States Code, Section 2251(a) following the defendant's conviction and sentencing. The parties are free to make sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

Case 4:14-cr-00021-RRB   Document 38   Filed 03/11/15   Page 2 of 23

collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

## B.  Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## C.  Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

## II.  CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A.  Charges

1.  The defendant agrees to plead guilty to the following count of the indictment:

Count Two:  Attempted Coercion and Enticement of a Minor, a violation of Title 18, United States Code, Section 2422(b).

Plea Agreement
United States  v. Landry
4:14-cr-00021-RRB-DMS

## B.   Elements

The elements of Count Two, Attempted Coercion and Enticement of a Minor in violation of Title 18, United States Code, Section 2422(b), are as follows:

1.    The defendant intended to attempt to persuade, induce, entice, and coerce a person to engage in sexual activity that would constitute a criminal offense;

2.    The person the defendant intended to persuade, induce, entice, and coerce was a minor;

3.    The defendant knew that the person was a minor; and

4.    The defendant took a substantial step toward completion of the offense.

## C.   Factual Basis

The defendant admits the truth of the allegations in Count Two of the indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

The defendant was born on December 3, 1956. At the time of the offense, he was employed as a priest by the Catholic Diocese of Fairbanks since June 2011.

On or about May 20, 2014, a custodian with the diocese found an open email on a publicly-accessible computer at the defendant's employer-provided residence that contained a picture showing a young Asian female engaged in sexually explicit conduct. The girl in the photograph was approximately 13 years old. The email address to which the photograph was sent belonged to the defendant.

The employee contacted her supervisor. A search of the computer by the diocese located multiple sexually-explicit Instant Messages (IM) between the defendant and others. These messages occurred through the defendant's Yahoo account, and were sent through the Internet. As such, the and were in and affecting interstate commerce.

In a message dated May 18, 2014, the defendant communicated with an individual in the Philippines that he believed to be a minor. The purpose of this communication was to entice and induce the minor to engage in sexually explicit conduct, and to transmit a live video of that conduct to the defendant through the Internet.

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

Case 4:14-cr-00021-RRB   Document 38   Filed 03/11/15   Page 5 of 23

During the chat, the individual identified themselves as "CJ," and said that it was his 16th birthday. CJ asked the defendant, "wnt see cock pic of young boys," and the defendant replied, "yes." The conversation continued with the defendant and CJ negotiating how much money the defendant would send to CJ in exchange for the producing and transmitting through the Internet the live visual depiction of CJ engaged in sexually explicit conduct. CJ eventually says that he it was his birthday and that he was turning 16 years old. Following this statement, the IMs show multiple files being sent, as well as a 10-minute video call between CJ and the defendant.

After the call, CJ provided specific information to the defendant about to whom and to where money should be sent. The defendant then told CJ, "make pics of more boys." CJ replied that he wants 3000 pesos, and the defendant answered, "no not 3000," and "2000 or nothing." CJ then provided the address to where the money should be sent, and the defendant told him "30 minutes," and "5 minutes." These messages were sent to CJ as the defendant was driving to a Fred Meyer store in Fairbanks, Alaska for the purpose of sending a Western Union money

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

order to CJ. The defendant sent $55 through Western Union to the address provided by CJ.

Following completion of the Western Union transaction, the defendant sent CJ an instant message providing him with the Western Union routing number. After receiving the routing number, CJ wrote, "I show you my cockc...after I get my money.' He then wrote, "I will make party withmy guys here," to which the defendant responded, "good," and "ok."

The defendant sent a message 30 minutes later in which he wrote, "I'm here." Five hours later, CJ responded and told the defendant that he got drunk with his friends and was therefore unable to provide the defendant with the live sex show that he paid for. The defendant wrote to CJ, "I never [saw] anything you promised." CJ then told the defendant that he would send sexually explicit pictures, but that he needs 1000 pesos more. The defendant replied, "you promised already." He then later accused CJ of "break[ing] your promise."

In addition to the chat excerpted above, the defendant engaged in additional negotiations with individuals in the Philippines for the purpose of viewing live video of minors engaged in sexually explicit

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

conduct.  Between June 4, 2013, and August 7, 2013, the defendant communicated with at least seven different Yahoo accounts for the purpose of viewing live video of a minor engaged in sexually explicit conduct.

In addition, the defendant received images of child pornography through the Internet.  On May 19, 2014, the defendant negotiated with a Yahoo user for images of minors engaged in sexually explicit conduct. The defendant was told by the Yahoo user to send money for the images.  The defendant requested from the Yahoo user "boy pics" and write, " "give me pics...boys and girls." Soon after, the Yahoo user sent 12 emails with image and video files attached.  The image and video files showed prepubescent girls and boys engaged in sexually explicit conduct, including sadistic and masochistic conduct.

After the videos were sent, the defendant replied to the Yahoo user through instant messaging, "Videos do not open."  The Yahoo user then made frequent attempts to contact the defendant, asking him to send money to "keep ur promise on me."  The defendant ultimately replied to these communications, "I did not get my salary yet."  He then

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

Case 4:14-cr-00021-RRB   Document 38   Filed 03/11/15   Page 8 of 23

repeated, "I don't have money now. I am waiting to receive my salary here."

### D. Statutory Penalties and Other Matters Affecting Sentence

1. Statutory Penalties

The statutory penalties applicable to the charge to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count Two: Coercion and Enticement of a Minor in violation of Title 18, United States Code, Section 2422(b)

1) Not less than 10 years (Mandatory Minimum) to life imprisonment;

2) a maximum $250,000 fine;

3) a $100 mandatory special assessment; and

4) five years (Mandatory Minimum) to life term of supervised release.

2. Other Matters Affecting Sentence

(a) Conditions affecting the defendant's sentence

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

Case 4:14-cr-00021-RRB   Document 38   Filed 03/11/15   Page 9 of 23

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of USSG § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and USSG § 5E1.1.

(b) Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

///

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

(c) Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [USSG] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The USSG do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty.

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

Case 4:14-cr-00021-RRB   Document 38   Filed 03/11/15   Page 11 of 23

The USSG are not mandatory and the Court is not bound to impose a sentence recommended by the USSG

## B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

1. Sentencing Guidelines Stipulations

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

(a) Base Offense Level:

The base offense level for the charge to which the defendant is pleading guilty is 28. See U.S.S.G. § 2G1.3(a)(3).

(b) Specific Offense Characteristics:

> i. Two (2) levels are added because the minor was unduly influenced through the payment of money to engage in sexually explicit conduct. Id. at (b)(2)(B).
>
> ii. Two (2) levels are added because the offense involved the use of a computer. Id. at (b)(3)(B).

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

iii. Five (5) levels are added because the offense

involved multiple minors. Id. at (d)(1).

(c) Total Offense Level: The parties anticipate that the total

offense level will be 30.

(d) Chapter Three Adjustments: If the United States

concludes that the defendant has satisfied the criteria set

out in USSG § 3E1.1 and the applicable application notes,

the United States agrees to recommend the defendant for

a two level downward adjustment for acceptance of

responsibility and, if USSG § 3E1.1(b) applies, to move for

the additional one level adjustment for acceptance of

responsibility. If, at any time prior to imposition of the

sentence, the United States concludes that the defendant

has failed to fully satisfy the criteria set out in USSG §

3E1.1, or has acted in a manner inconsistent with

acceptance of responsibility, the United States will not

make or, if already made, will withdraw this

recommendation and motion.

Plea Agreement
                                       United States v. Landry
                                       4:14-cr-00021-RRB-DMS

(e) Adjusted Offense Level: Given the stipulations above, the parties anticipate that the adjusted offense level will be 34.

(f) Criminal History: The parties agree that the applicable criminal history will be determined by the Court. The parties anticipate that the defendant's criminal history category will be I.

(g) Sentencing Range: Pursuant to the above stipulations, the guideline range is likely to be 151 to 188 months.

## C.    Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the USSG. The parties have stipulated to the guidelines in this case. As such, the parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. Consistent with the terms of this agreement, the parties are free to recommend to the Court their respective positions on the appropriate sentence to be

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

imposed in this case based on the stipulated facts set forth in Section
II.C, any additional facts established at the imposition of sentence
hearing, the applicable statutory penalty sections, the advisory USSG,
and the sentencing factors set forth in 18 U.S.C. § 3553(a).

The United States agrees to recommend a sentence within the
advisory sentencing guideline range as determined by the Court. The
defendant may seek a sentence below the advisory sentencing guideline
range pursuant to the factors found at Title 18, United States Code,
Section 3553(a).

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial
rights:

- If pleading to an information, the right to have the
  charges presented to the grand jury prior to entering the
  guilty plea;

- The right to a speedy and public trial by jury on the
  factual issues establishing guilt or any fact affecting the

Case 4:14-cr-00021-RRB   Document 38   Filed 03/11/15   Page 15 of 23

mandatory minimum and statutory penalties, and any
issue affecting any interest in any assets subject to
forfeiture;

− The right to object to the composition of the grand or trial
jury;

− The right to plead not guilty or to persist in that plea if it
has already been made;

− The right to be presumed innocent and not to suffer any
criminal penalty unless and until the defendant's guilt is
established beyond a reasonable doubt;

− The right to be represented by counsel at trial and if
necessary to have a counsel appointed at public expense
to represent the defendant at trial -- the defendant is not
waiving the right to have counsel continue to represent
the defendant during the sentencing phase of this case;

− The right to confront and cross examine witnesses against
the defendant, and the right to subpoena witnesses to
appear in the defendant's behalf;

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf;

- The right to contest the validity of any searches conducted on the defendant's property or person.

## B. Appellate Rights

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes– including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

## C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release,

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

## V.    ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the indictment in this case and the defendant's admissions set forth in Section II C.  Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any

Plea Agreement
United States  v. Landry
4:14-cr-00021-RRB-DMS

charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Clint Michael Landry, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea.

Case 4:14-cr-00021-RRB   Document 38   Filed 03/11/15   Page 19 of 23

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved

in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the USSG may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count Two of the indictment.

DATED: 3/10/15

Clint Michael Landry
Clint Michael Landry
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS

Case 4:14-cr-00021-RRB   Document 38   Filed 03/11/15   Page 22 of 23

defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 3/10/15

WILLIAM R. SATTERBERG
Attorney for Clint Michael

Landry

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 3/11/15

KYLE REARDON
United States of America
Assistant U.S. Attorney

DATED: March 11, 2015

KAREN L. LOEFFLER
United States of America
United States Attorney

Plea Agreement
United States v. Landry
4:14-cr-00021-RRB-DMS